**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Judith Tompson

    v.                                           Civil No. 15-cv-471-LM

Rockingham County Sheriff's Department

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Judith Tompson, has filed a complaint (doc. no. 1), which is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Plaintiff asserts a claim of excessive force incident to her November 2011 arrest, which she claims violated her rights under the Fourth Amendment, and her rights under a state statute, N.H. Rev. Stat. Ann. ("RSA") § 594:4, I ("[n]o unnecessary and unreasonable force or means of restraint may be used in detaining or arresting any person").  Plaintiff also asserts a claim of malicious prosecution, which she says arose when the arresting officer, Deputy Sheriff Scott Peltier, Sr., then caused her to be charged criminally, in an "attempt[] to justify his violent misconduct."  Compl. at 3 (doc. no. 1).  The original charges filed against her were nol prossed on February 14, 2012, when Peltier did not appear for trial, although plaintiff was subsequently convicted in 2013 on superseding charges relating to the same incident.  In her case in this court, plaintiff seeks relief including damages, as well as this court's reversal of a New Hampshire Supreme Court ("NHSC") decision, affirming the Rockingham County Superior Court ("RCSC") order dismissing Tompson's state court complaint against the same defendant.  See Tompson v. Rockingham Cty. Sheriff's Office, No. 2015-0182 (N.H. Sept. 18, 2015) (affirming

RCSC order, finding that RSA § 507-B:5 rendered defendant immune from suit).

## Discussion

### I.  Res Judicata

To the extent plaintiff seeks damages arising from the same arrest and allegedly improper charging at issue in her state court case, the doctrine of res judicata bars her claims.  State court decisions have the same preclusive effect in federal cases that they would have under state law.  See Miller v. Nichols, 586 F.3d 53, 60 (1st Cir. 2009).

> In New Hampshire, "the essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action."  The doctrine precludes litigation in a later case of matters actually litigated, and matters that could have been litigated, in the earlier action.  For res judicata to apply, three elements must be satisfied: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action.

Torromeo v. Town of Fremont, 438 F.3d 113, 116 (1st Cir. 2006) (citations omitted).  New Hampshire law broadly defines a "'cause of action' as 'all theories on which relief could be claimed on the basis of the factual transaction in question.'"

Brooks v. Trustees of Dartmouth College, 161 N.H. 685, 694, 20
A.3d 890, 897 (2011).  The parties in the state proceeding and
here are the same; both cases arose from the same conduct of
Deputy Sheriff Peltier; and a final judgment issued in the state
case.  Accordingly, res judicata bars plaintiff from
relitigating the same claims here.[1]

## II.  **Rooker-Feldman**

As plaintiff seeks this court's reversal of the NHSC
decision in the state proceedings, a separate ground for
dismissing this action is the Rooker-Feldman doctrine.  The
Rooker-Feldman doctrine holds that, as a general rule, federal
district courts should not sit in direct review of state court
decisions.  See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983);
Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).  The Rooker-
Feldman doctrine divests this court of jurisdiction over "'cases
brought by state-court losers [complaining of injuries caused by
state-court judgments rendered before the district court
proceedings commenced and] inviting district court review and
rejection of [the state court's] judgments.'"  Skinner v.

---

[1]To the extent that plaintiff's claims are barred by res
judicata, this court need not consider whether the same claims
are also barred by the three-year statute of limitations that
applies to tort claims and to § 1983 claims that arise in New
Hampshire.  See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir.
2010); see also N.H. Rev. Stat. Ann. § 508:4, I.

Switzer, 562 U.S. 521, 131 S. Ct. 1289, 1297 (2011) (quoting

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284

(2005)).  The plaintiff's "proper recourse," in such cases, "is

with the United States Supreme Court; [s]he cannot file a

complaint in the federal district court challenging the state

court's judgment."  Moore v. Tex. Crim. App., 561 F. App'x 427,

431 (5th Cir. 2014).  As the Rooker-Feldman doctrine would apply

here, to the extent the relief sought is reversal of the NHSC

decision, Tompson's claims should be dismissed pursuant to 28

U.S.C. § 1915(e)(2).

## Conclusion

For the foregoing reasons, the court should dismiss all

claims asserted in the complaint (doc. no. 1).  Any objections

to this Report and Recommendation must be filed within fourteen

days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).

Failure to file objections within the specified time waives the

right to appeal the district court's order.  See Garayalde-Rijos

v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 3 , 2016
cc:  Judith Tompson, pro se